**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HOWARD MOORE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:12-CV-657 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On January 10, 2014, the United States Magistrate Judge issued his report and recommendation [Doc. #17], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that the Commissioner's decision denying Plaintiff's claim for disability insurance benefits be affirmed. On January 24, 2014, Plaintiff filed his objections [Doc. #18].

Plaintiff first objects to the finding of the Magistrate Judge that the administrative law judge ("ALJ") did not commit error when he failed to re-contact Plaintiff's treating physician for an analysis of Plaintiff's functional limitations. "The Fifth Circuit requires remand for failure to re-contact a treating physician only when (1) the physician's records are inconclusive or otherwise inadequate to receive controlling weight, (2) the record contains no other medical opinion evidence based on personal examination or treatment, and (3) the claimant proves prejudice." *Paul v. Barnhart*, 417 F. Supp. 2d 837, 841 (E.D. Tex. 2006) (citing *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)). In examining the first prong, the Magistrate Judge concluded that the treating physician's records were not inconclusive or otherwise inadequate to

1

receive controlling weight. The ALJ did not accord the treating physician's records controlling weight and stated:

> [T]he claimant has not produced any treating source opinion or examining source opinion addressing the medically determinable impairments and the functional limitations or abilities that those medically determinable impairments would be expected to produce for the period of time that [h]e seeks benefits. Thus, there is no medical opinion from a treating source physician that can be weighed by the undersigned.

TR 28. Plaintiff contends that because the ALJ did not give the treating physician's records controlling weight, then the physician's records were "otherwise inadequate to receive controlling weight" as a matter of law. However, the ALJ did use the medical records of the treating physician in support of his residual functional capacity finding, especially as he found those records to be consistent with the functional limitations assessed by the other examining and non-examining sources. Simply because the ALJ determined that the treating physician's records should not receive controlling weight does not establish as a matter of law that the treating physician's records were inadequate. Further, the ALJ noted that he could not give the medical opinion of a treating physician controlling weight because there was no opinion to be weighed. *See Newton*, 209 F.3d at 458. The ALJ gave significant weight to other opinions of non-examining physicians that reviewed the entire record, including the findings of the treating physician. The ALJ's residual functional capacity decision is supported by substantial evidence, and Plaintiff failed to demonstrate that the treating physician's records were inconclusive or otherwise inadequate to receive controlling weight. Thus, Plaintiff cannot meet the first prong, and remand is not required.

Further, Plaintiff must also show that he suffered prejudice. The Magistrate Judge found that "the record contains physical and mental consultative examinations for Plaintiff," and other reports and opinions that support the ALJ's decision [Doc. #17 at 11]. "Prejudice can be

established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley v. Chater*, 67 F.3d 552, 557 n.22 (5th Cir. 1995); *Paul*, 417 F. Supp. 2d at 841. The court finds that the plaintiff cannot demonstrate that the additional evidence might have led to a different decision. The treating physician found bilateral ankle edema on one occasion [TR 225]; however, the treating physician also found no edema on several occasions [TR 182, 189, 200]. The treating physician determined that Plaintiff had normal reflexes, coordination, muscle strength and tone, and intact sensation [TR 189, 200, 204, 210]. The treating physician also noted that Plaintiff reported that he walked for forty-five minutes a day, five times a week [TR 199, 203, 224, 284]. Plaintiff has not demonstrated that the treating physician's diagnosis of ankle edema would contradict the residual functional capacity finding of the ALJ, or that the requested function-by-function analysis might lead to a different result. Plaintiff's objection is overruled.

Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ's credibility finding was supported by substantial evidence. Plaintiff contends that the Magistrate Judge failed to consider his post-hoc rationalization argument. Specifically, the Commissioner asserted that the ALJ did not err in failing to consider that Plaintiff reported that his wife cooks most of his meals, and that this argument was improper post-hoc rationalization. However, Plaintiff fails to recognize that the Magistrate Judge concluded that the ALJ's credibility determination was supported by substantial evidence. The ALJ considered the fact that Plaintiff did not stop working due to disability, rather, Plaintiff was laid off [TR 27; Doc. #17 at 12]. The ALJ also considered Plaintiff's self-reported daily activities such as cooking, washing clothes, shopping for short periods of time, taking his dog for walks, and driving [TR 25, 27, Doc. #17 at 13]. The

only alleged error is that the ALJ and Magistrate Judge did not properly consider Plaintiff's contention that his wife did most of the cooking. However, other substantial evidence supports the ALJ's decision, and the Magistrate Judge properly considered the evidence in the record. Plaintiff's objection is overruled.

Plaintiff also objects to the finding of the Magistrate Judge that the ALJ did not err at Step 5 of the sequential evaluation process. Plaintiff contends that the ALJ failed to ask the vocational expert a complete hypothetical question taking into account all of Plaintiff's limitations. However, the Magistrate Judge fully considered Plaintiff's argument and found that the ALJ's hypothetical question to the vocational expert included all of Plaintiff's restrictions that the ALJ found the record supported. The ALJ need only incorporate into the hypothetical question those claimed disabilities supported by the evidence and recognized by the ALJ, and the hypothetical question in this case met those requirements. Plaintiff's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the plaintiff's objections are without merit and are, therefore, overruled.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

So **ORDERED** and **SIGNED** this **11** day of **March, 2014.**

_____
Ron Clark, United States District Judge